JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Robert A. Coulton

(b) County of Residence of First Listed Plaintiff: Mercer County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Edward A. Paskey, Esq.
2675 Eastern Blvd, York, Pa 17402; Ph: 717-757-4565

## DEFENDANTS

Bristol Township, Bucks County, Pennsylvania
Operating as Bristol Township Police Dept)

County of Residence of First Listed Defendant: Bucks County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
29 U.S.C. 621

Brief description of cause:
Employment discrimination on the basis of the age of Plaintiff

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE: 10.16.2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Bristol Township, Bucks County, Pennsylvania

***RELATED CASE IF ANY:*** Case Number:__________________ Judge:__________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):______________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*________________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT A. COULTON,** | : | |
| **Plaintiff** | : | **Case No.** |
| | : | |
| **Vs.** | : | |
| | : | |
| **BRISTOL TOWNSHIP,** | : | **Jury Trial Demanded** |
| **BUCKS COUNTY, PENNSYLVANIA** | : | |
| **(Operating as Bristol Township** | : | |
| **Police Department),** | : | |
| **Defendant** | | |

## COMPLAINT

Plaintiff Robert A. Coulton ("Plaintiff" or "Mr. Coulton"), by and through his attorneys, FrancePaskeySwopePugh, files this Complaint against Defendant Bristol Township, Bucks County, Pennsylvania ("Defendant" or "Bristol Township") and alleges as follows:

## NATURE OF THE ACTION

1. This action arises from Defendant's discrimination, harassment and hostile work environment and constructive discharge of the Plaintiff because of his age and refusal to resign.

2. Defendant's actions violated the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq.,

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343 because Plaintiff asserts claims arising under federal law.

4. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in Bucks County, Pennsylvania.

## THE PARTIES

5. Plaintiff, Robert A. Coulton, ("Plaintiff" or "Coulton") is an adult individual residing in the State of New Jersey.

6. Plaintiff was employed by Defendant as a full time, sworn police officer and Chief of Police.

7. Defendant is a first-class township organized under the Pennsylvania First Class Township Code located at 2501 Bath Road, Bristol Township, Bucks County, PA 19007

8. At all relevant times, Defendant Bristol Township operated and controlled the Bristol Township Police Department.

9. The Bristol Township Police Department acted as an agency, department, and instrumentality of Bristol Township. Further, Bristol Township employed well in excess of twenty (20) employees during all relevant times.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10. All conditions precedent to filing claims under federal law have been performed or have occurred. Namely, Mr. Coulton filed a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and dual filed with the Pennsylvania Human Relations Commission ("PHRC") on June 30, 2025, and docketed as 530-2025-03489. The Plaintiff has fully exhausted his administrative remedies as to his federal discrimination claims and is entitled to file in district court (see **Exhibit A**).
11. Defendant, on information and belief, employed twenty (20) or more persons when the unlawful conduct alleged in this complaint occurred.
12. Mr. Coulton's date of birth is October 8, 1960.
13. At all times relevant, Defendant was aware of Plaintiff's age.
14. On or about June 1, 2015, Plaintiff was hired by Defendant as a civilian employee to the position of Public Safety Director to oversee the Bristol Township Police Department.

15. As a civilian employee, Plaintiff was not considered a sworn police officer authorized to enforce the laws of the Commonwealth of Pennsylvania.

16. On March 16, 2017, Defendant appointed Plaintiff as Chief of Police, at that point he became a sworn police officer for the Bristol Township Police Department.

**<u>Plaintiff's Interaction with the Defendant's Township Manager Begins to Drastically Change</u>**

17. On or about August 15, 2024, at 1427 HRS, Plaintiff received a phone call to report to the office of the Defendant's Township Manager, Randee Mazur, whom sounded agitated or angry.

18. When Plaintiff reported to Mazur's office, her face was flushed and she appeared angry or agitated.

19. Mazur's first statement to Plaintiff at this meeting was, "It has become her opinion and others on Township Council that it was time for new leadership in the department." Mazur advised Plaintiff that he was the right person to fix the problems in the police department when he was hired as director of Public Safety Director, but now that the department has many "younger officers," the

department needed "a different leadership style, someone who can communicate with the new officers."

20. Based on Mazur's comments, it was clear that she was referencing the difference between Plaintiff's age at the time (i.e. 63 years of age) and "younger" officers, and that Plaintiff could not lead them or communicate with them because of his age.

21. Mazur asked for Plaintiff's resignation, which he refused to provide.

22. After this meeting with Mazur and Plaintiff's refusal to resign, Plaintiff's relationship and interactions with Mazur changed. Her demeanor towards Plaintiff became short and terse, with her often appearing visibly angry when Plaintiff and Mazur interacted. Additionally, most times, Mazur thereafter refused to interact directly with Plaintiff on departmental matters and instead directly interacted with two Lieutenants in the department, both of whom are younger than Plaintiff.

23. On or about December 6, 2024, from 1500 to 1515 HRS, in the Council Agenda Room, Plaintiff met with Manager Mazur and Assistant Manager Heather Satterly.

24. At this meeting, Mazur advised Plaintiff that Defendant was denying a medical insurance opt-out payment for 2025. Plaintiff had previously received this benefit for 2024. Additionally, Mazur advised that Defendant was reducing Plaintiff's vacation from 30 days to 25 days. Finally, Mazur advised that she was denying Plaintiff's vacation request for December 20, 2024.

25. Plaintiff had never previously been denied a vacation request.

26. Plaintiff was provided with no reason for the denial of insurance opt-out, reduction in vacation or denial of his vacation request.

27. Plaintiff believes these tangible employment actions were all hostile acts and retaliation by Defendant for Plaintiff's refusal to resign so Defendant could hire a younger person as Chief of Police to have a different leadership and communication style as expressed by Mazur to Plaintiff on August 15, 2024.

28. On January 21, 2025, Mazur emailed Plaintiff asking to meet with him on Thursday, January 23, at 1000 HRS. Plaintiff responded he would attend the meeting.

29. When Plaintiff arrived at the meeting, Mazur was not present. Instead, Defendant's labor attorney, Neil Morris, Esquire met with Plaintiff in the Council Agenda Room.

30. Morris presented Plaintiff with a written severance agreement on behalf of Defendant, where the Defendant offered him a sum of money to resign. He encouraged Plaintiff to sign it saying it would be the best course for him to take. Morris also stated, "Don't you want to see Lt. Winik take over and carry on your legacy at the department?" Winik is a younger sworn officer in the Department.

31. Plaintiff explained to Morris how the manager had recently told him that he was being investigated for some unspecified reason and that Plaintiff felt that his job was being threatened because of his age. Plaintiff also explained his refusal to resign, how his benefits were being reduced/refused since his refusal, and Mazur's actions towards Plaintiff.

32. Morris had no response to Plaintiff's comments and appeared unaware.

33. Plaintiff refused to sign the agreement and the meeting with Morris ended.

34. Shortly after the meeting, Plaintiff received an email from Mazur telling him that he was not under investigation and that his job was not in danger.

**Elimination of Defendant's Contribution to Deferred Compensation Plan**

35. As a sworn police officer with the Defendant since March 26, 2017, Plaintiff has been entitled to participate in the Bristol Township Police Pension Plan pursuant to Pennsylvania's Act 600 of 1955.

36. Defendant also maintains a non-uniformed police pension plan as well as a 457 (b) Deferred Compensation Plan.

37. Defendant has not permitted Plaintiff to be a participant in either the police pension plan or non-uniformed pension plan.

38. Prior to February 2025, Plaintiff had participated in the Defendant's 457(b) Plan. In addition to his personal contribution to the 457(b) Plan, Defendant contributed 7.5% of Plaintiff's salary into the 457(b) plan.

39. In February 2025, Plaintiff requested to participate in the Police Pension Plan since he was a sworn police officer and permitted to do so under Act 600.

40. On February 26, 2025, Mazur advised Plaintiff that he would be enrolled in the Police Pension Plan effective March 1, 2025, but that he would no longer receive the Defendant's contribution into Plaintiff's 457(b) plan.

41. There is no federal or state law that prohibits Defendant from permitting Plaintiff to participate in both the police pension plan and the 457(b) plan.

42. Plaintiff believes Defendant discontinued its contribution into his 457(b) plan as a result of his refusal to resign so Defendant could hire a younger police chief.

## After Ten Years of Employment, Plaintiff Has His First Employee Evaluation

43. On April 15, 2025, between 1000 HRS and 1145 HRS Plaintiff attended a meeting with Mazur and Assistant Manager Sattery for an "Employee Evaluation." This evaluation was allegedly an anonymous evaluation of all department heads by subordinate employees.

44. In Plaintiff's prior ten (10) years of employment with Defendant, he had never had an employee evaluation.

45. Mazur started the meeting by telling Plaintiff that "no one is coming after your job" and that "you don't have a target on your back."

46. Mazur advised Plaintiff that his evaluation results were either "unsatisfactory" or "needs improvement" in every category.

47. In ten (10) years of employment with Defendant, Plaintiff had never been advised that his performance was "unsatisfactory" or "needs improvement."

48. Mazur provided Plaintiff with a performance improvement plan that detailed obviously unrealistic expectations, including mandatory meetings with the public, extension of Plaintiff's working hours that were different than all other sworn police officers who were not as old as Plaintiff, a requirement for personal two-hour notification for police response contrary to the established emergency notification procedure for the on-call supervisor.

49. Defendant conducted Plaintiff's first ever employee evaluation, gave him unsatisfactory and "needs improvement rankings" in all categories, and identified an unrealistic improvement plan because of Plaintiff's refusal to resign so Defendant could hire a younger police chief.

50. Since the first meeting with Mazur on August 15, 2024, Plaintiff began to experience insomnia, anxiety, depression, and eating disruptions because of the stress and treatment by Defendant causing him to seek medical attention. The symptoms progressively got worse by December 2024.

51. Upon returning to his office after the employee evaluation on April 15, 2025, Plaintiff felt dizzy and lightheaded, resulting in two Lieutenants from the

Bristol Township Police Department calling paramedics. Plaintiff was transported by ambulance from his office to a local hospital due to an emergency cardiac event while at work. He was admitted to the hospital for observation.

52. Neither Plaintiff's primary care physician, nor his cardiologist subsequently cleared Plaintiff to return to work as a result of the stress induced by the hostile work environment created by Defendant, which is a direct and proximate result of Defendant's treatment of him for refusing to resign.

53. On May 14, 2025, Plaintiff applied for a benefit through Defendant known as Heart and Lung benefits which are available to police officers in Pennsylvania for non-permanent, work-related injuries since his cardiac event occurred at work, and is directly related to the stress induced by his work environment. On June 3, 2025, the township denied these benefits.

54. Due to the hostile work environment and treatment Plaintiff has endured since Plaintiff previously refused to resign so Defendant could hire a younger police chief, and the resulting effect on his health, Plaintiff felt as if he had no choice but to resign on June 13, 2025.

55. On June 16, 2025, Defendant sent a global email announcing Plaintiff's retirement effective June 30, 2025. Defendant also appointed Lt. Winik, who is younger than Plaintiff, and the same person referenced by Attorney Morris in the January 23, 2025, meeting, acting chief immediately with plans to appoint him as Chief of Police on July 1, 2025.

56. On July 17, 2025, but effective July 1, 2025, Winik was appointed as Chief of Police for the Defendant's police department.

57. Defendant has replaced Plaintiff, as telegraphed since as early as August 2024, with an individual who is younger than Plaintiff without even performing a search for, or accepting applications from, a qualified individual regardless of age.

58. As a direct result of Defendant's actions, Plaintiff suffered economic damages, emotional distress, humiliation, embarrassment, anxiety, and loss of professional opportunities.

59. Defendant's hostile, retaliatory, and discriminatory actions ultimately forced Plaintiff to resign his employment. Plaintiff's resignation constituted a constructive discharge.

60. A reasonable employee under the same circumstances would have felt compelled to resign.

61. Defendant's actions were intentional, willful, reckless, and undertaken with disregard for Plaintiff's protected rights.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

62. Plaintiff incorporates Paragraphs 1 through 61.

63. The ADEA provides, in relevant part, that "[it] shall be unlawful for an employer. . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, term, conditions, or privileges of employment, because of such individual's age." 29 USC § 623(a)(1).

64. For the purposes of the ADEA and related state and federal statutes, a worker over the age of 40 enjoys protection against discrimination on the basis of age. 29 USC § 623(a)(1).

65. The ADEA covers employers who have at least 20 employees.

66. At all times relevant, Defendant had at least 20 employees.

67. Plaintiff is covered by the ADEA as he was 63 years of age at the time defendant took adverse employment actions against him.

68. Plaintiff was highly qualified for his position as chief of police.

69. Defendant subjected Plaintiff to adverse employment actions.

70. Defendant's reduction in Plaintiff's benefits, denial of vacation, termination of contribution into the 457(b) plan, negative evaluation and improvement plan, and denial of Plaintiff's request for Heart and Lung Benefits are all acts of discrimination by Defendant against Plaintiff as a result of his age, specifically because:

(A) Plaintiff is over the age of 40 and,

(B) Plaintiff had refused to resign so Defendant could hire a younger individual to be Chief of Police.

71. Similarly situated younger employees were treated more favorably.

72. Defendant's actions were motivated by Plaintiff's age.

73. Plaintiff sustained damages.

**WHEREFORE**, Plaintiff requests all available legal and equitable relief.

## SECOND CLAIM FOR RELIEF
## HARASSMENT AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

74. Plaintiff incorporates Paragraphs 1 through 73.

75. The ADEA prohibits an employer from harassing a person because the individual is age 40 or older.

76. Harassment includes offensive remarks about a person's age. Although the law does not prohibit simple teasing, offhand comments, or isolated incidents that are not serious, harassment is illegal when it is so frequent or severe that it creates a hostile or offensive work environment or when it results in an adverse employment decision

77. The harasser can be the victim's supervisor, a supervisor in another area, a co-worker, or someone who is not an employee of the Company, such as a contractor. 29 USC § 623.

78. For the purposes of the ADEA and related state and federal statutes, a worker over the age of 40 enjoys protection against discrimination on the basis of age. 29 USC § 623(a)(1)

79. Plaintiff was well qualified for his position as chief of police.

80. The ADEA covers employers who have at least 20 employees.

81. At all times relevant, Defendant had at least 20 employees.

82. Plaintiff is covered by the ADEA as he was 63 years of age at the time Defendant subjected him to a hostile work environment.

83. Defendant subjected Plaintiff to a hostile work environment as a result of his refusal to resign so Defendant could appoint a younger individual to serve as Chief of Police.

84. Defendant's comments about the department needing a change in leadership to connect with younger officers, encouraging him to preserve is legacy by resigning, reduction in Plaintiff's benefits, denial of vacation, termination of contribution into the 457(b) plan, negative evaluation and improvement plan, and denial of Plaintiff's request for Heart and Lung Benefits are all acts by Defendant creating a hostile work environment against Plaintiff as a result of his age, specifically because:

(A) Plaintiff is over the age of 40 and,

(B) Plaintiff had refused to resign so Defendant could hire a younger individual to be Chief of Police.

85. Similarly situated younger employees were treated more favorably and not subjected to a similar environment.

86. Defendant's actions were motivated by Plaintiff's age.

87. Plaintiff sustained damages.

## THIRD CLAIM FOR RELIEF
## CONSTRUCTIVE DISCHARGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

88. Plaintiff incorporates paragraphs 1 through 87.

89. The ADEA provides, in relevant part, that "[it] shall be unlawful for an employer. . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, term, conditions, or privileges of employment, because of such individual's age." 29 USC § 623(a)(1).

90. For the purposes of the ADEA and related state and federal statutes, a worker over the age of 40 enjoys protection against discrimination on the basis of age. 29 USC § 623(a)(1).

91. Plaintiff was well qualified for his position as chief of police.

92. The ADEA covers employers who have at least 20 employees.

93. At all times relevant, Defendant had at least 20 employees.

94. Plaintiff is covered by the ADEA as he was 63 years of age at the time Defendant constructively discharged him.

95. Plaintiff was constructively discharged on June 13, 2025, specifically because:

(A) He is over the age of 40, and

(B) Plaintiff had refused to resign so Defendant could hire a younger individual to be Chief of Police,

83. That as a result of the loss of benefits, humiliation, anxiety, insomnia, depression, eating disruption and a cardiac event that has negatively impacted Plaintiff's health to the degree that Plaintiff reasonably believed he had no choice but to resign.

84. But for the actions of Defendant, Plaintiff would have continued his employment with Defendant for at least another two (2) years which would have enabled him to continue earning his salary, benefits and allowed him to be eligible for a partial pension under the Defendant's Police Pension Plan.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Robert A. Coulton respectfully requests that this Court enter judgment in his favor and against Defendant Bristol Township and award:

(a) Back pay;

(b) Front pay;

(c) Lost wages, salary, overtime, benefits, pension credits, and employment-related compensation;

(d) Compensatory damages;

(e) Emotional distress damages;

(f) Humiliation, embarrassment, inconvenience, and loss of enjoyment of life damages;

(g) Punitive damages to the fullest extent permitted by law;

(h) Declaratory and injunctive relief;

(i) Attorneys' fees, litigation expenses, expert fees, and costs;

(j) Pre-judgment and post-judgment interest;

(k) Such other legal and equitable relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands trial by jury on all counts so triable.

DATED this the 16th day of October, 2026.

*By: /s/ Edward A. Paskey, Esquire*
Edward A. Paskey, Esquire
Atty ID. PA 80304
*FrancePaskeySwopePugh*
*2675 Eastern Boulevard*
*York, Pennsylvania 17402*
(717) 757-4565 (phone)
Email: EPaskey@yorklaw.com

VERIFICATION

I verify that the facts in the foregoing document are true and correct, upon my personal knowledge or information and belief. This verification is made subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

10/14/2026

Date:________________

R.A. Coulton

ID xAhoiV72YD22KfrpgDBL6ixe

______________________________

Robert A. Coulton

# eSignature Details

| | |
|---|---|
| **Signer ID:** | **xAhoiV72YD22KfrpgDBL6ixe** |
| Signed by: | Robert Alan Coulton |
| Sent to email: | coulton.fam@comcast.net |
| IP Address: | 76.116.62.41 |
| Signed at: | Oct 14 2026, 2:55 pm EDT |